## CRANE v. CRANE.

No. 6512.    Decided December 18, 1942.    (131 P. 2d 1022.)

See 49 C. J., Pleading, sec. 671; 41 Am. Jur., 499.

*Larson & Larson,* of Manti, for appellant.

*Skeen & Skeen,* of Salt Lake City, for respondent.

MOFFAT, Chief Justice.

Joseph C. Crane was a thrifty farmer of Sigurd, Sevier County, Utah. With his wife Roxanna, and several children, he had accumulated considerable property. As age or disease or both brought warnings, he began arrangements for a division of his property. Dates are only of minor importance as no limitations are involved.

This cause arises, not over a division of the property, but out of a failure of the defendant Lincoln Crane to pay the portion he had agreed to pay because the portion conveyed to his brother was subject to mortgage when the division was made. There were other unsecured debts. The total was $11,000.

Each of Joseph C. Crane's three sons, in consideration of the conveyance to them of the separate tracts of land and water rights, assumed and agreed to pay certain portions of the indebtedness. The tract conveyed to Lincoln Crane was free from encumbrances, except taxes for the year 1931. The tract conveyed to Roland Crane was free from encumbrances. The tract conveyed to Orlando Crane, the plaintiff, was subject to a mortgage of the Federal Land Bank

of Berkeley in the sum of about $6,000. The mortgage was originally for $6,400.

The father of these three sons was also indebted to the First State Bank of Salina upon unsecured notes in the sum of $4,967.85. For practical purposes at the time, the indebtedness of Joseph C. Crane was regarded as $11,000.

The father and his sons agreed that upon the conveyance of the three separate tracts differing in area, Orlando Crane should receive a deed for the tract subject to the mortgage to the Federal Land Bank and assume $4,000 of the mortgage; that Lincoln Crane should receive a deed to the tract he had been leasing and pay upon the mortgage to which Orlando's tract was subject the sum of $1,997 and $967.85 of the sum due to the First State Bank of Salina; and Roland Crane was to assume and pay $4,000 of the indebtedness due to the First State Bank of Salina. There was a small item of taxes also involved.

That the foregoing was the consideration for and basis of the understanding upon and for which the father conveyed to his sons the respective tracts is testified to by all the witnesses, including the sons.

The agreement was acted upon from about 1932 until 1937, when Orlando defaulted and suffered foreclosure by the Federal Land Bank of Berkeley. It appears Orlando Crane either redeemed, repurchased or satisfied the judgment, part of which he was entitled to be relieved of by the payments Lincoln Crane had agreed to make. Substantially the only issue presented by the evidence is Lincoln Crane's claim that because Orlando defaulted and suffered foreclosure (subsequent redemption is claimed), Lincoln Crane should be relieved of payment under the four-party contract and get his land free. This is neither equitable nor in harmony with the contract.

Appellant Lincoln Crane complains that (1) the amended complaint was filed without notice and attempts to state a new cause of action; (2) that it was error to overrule defendant's general demurrer to the amended complaint and

deny his motion to strike the amended complaint; (3) that it was error to permit the introduction of evidence over defendant's objection; (4) that the findings are not supported by the evidence; (5) that the conclusions are not supported by the findings; (6) that the decree is erroneous; and (7) that the court erred in denying defendant's motion for a new trial.

It is suggested by appellant that the amended complaint injected a new and different cause of action. This may not be done under the guise of an amendment. *Peterson* v. *Union Pac. R. Co.,* 79 Utah 213, 8 P. 2d 627, citing *Combined Metals et al.* v. *Bastian et al.,* 71 Utah 535, 267 P. 1020.

The amended complaint states a cause of action. There was no error in overruling defendant's demurrer to the amended complaint. The amended complaint is not a departure from the attempted statement of a cause of action in the original complaint. It is an amplification of the original complaint by the furnishing of detailed land descriptions and tieing the whole transaction into the four-party agreement relating to the division of a portion of the property of Joseph C. Crane among his three sons and an apportionment of the indebtedness and payment thereof.

There was no error in the filing of the amended complaint. The general and special demurrer was ruled upon by the court on January 13, 1939, "with leave granted the plaintiff to amend." No time was fixed by the court within which the plaintiff was required to amend. The record does not disclose that either party was advised of the overruling of the demurrer. The amended complaint was filed July 17, 1940, after service. To the amended complaint a demurrer and motion to strike were filed July 30, 1940. Notice of the overruling of the demurrer and denial of the motion to strike was given and filed October 3, 1940.

An answer to the amended complaint was filed October 9, 1940. The case was set for hearing after notice, but was not finally reached for trial until March 5, 1941. There was neither error nor prejudice in permitting the filing of the amended complaint.

The objection to the introduction of evidence was based upon the same grounds as the general demurrer. No error is found upon this ground.

We have carefully examined the amended pleadings, including all motions, demurrers and the answer, the transcript of the evidence, the findings of fact, the conclusions of law and the judgment, and find them in accordance with the evidence and supported thereby. The real and substantive question dividing the parties is whether the defendant should be relieved from his contract which all the evidence shows that he made. The background and intention of all the parties was to effect a distribution of the assets and liabilities of Joseph C. Crane, and as to all of them it seems fair and desirable at the time and in the interest of all concerned.

Finding no error, the judgment is affirmed; respondent to recover costs.

WOLFE, LARSON and McDONOUGH, JJ., GEORGE A. FAUST, District Judge, concur.

PRATT, J., on leave of absence.